Jerry Dean MAYFIELD, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–03–00003–CR.

Court of Appeals of Texas, Texarkana.

Submitted Sept. 8, 2003.

Decided Sept. 9, 2003.

· Ebb B. Mobley, Longview, for appellant.

Renee Gartland, Lance R. Larison, Asst. Dist. Atty's, Longview, for appellee.

Before MORRISS, C.J., CARTER and CORNELIUS,* JJ.

## OPINION

Opinion by Justice CORNELIUS (Retired).

Jerry Dean Mayfield was convicted, in a jury trial, of delivery of cocaine. The jury assessed his punishment, enhanced by two prior convictions, at ten years' imprisonment and a $10,000.00 fine.

On appeal, Mayfield raises only one issue. He contends the trial court erred in granting the State's motion to abandon certain portions of the indictment. He contends the State's abandonment actually amounted to an amendment of the indictment and was improper according to Tex. Code Crim. Proc. Ann. art. 28.10 (Vernon 1989). We disagree and affirm the judgment.

Mayfield's indictment contained three enhancement paragraphs. The first alleged a prior conviction for burglary. The second alleged a prior conviction for delivery of a controlled substance, and the third alleged a conviction for theft.

On the opening day of trial, before the jury was sworn, the State filed a motion to abandon these portions of the indictment: (1) in paragraph three these words in line one, "and after the conviction in Cause Number 28781–B was final.", and (2) all of paragraph four, which alleged a prior conviction for theft. The State alleged that these portions of the indictment were in error and were surplusage. Over Mayfield's objection, the trial court granted the State's motion.

Not every change to the face of an indictment is an amendment. In some instances, such a change is merely an abandonment. *Eastep v. State*, 941 S.W.2d 130, 132 (Tex.Crim.App.1997). An amendment to an indictment is a change that affects the substance of the indictment. *Id.* But an abandonment, even if effected by a physical change in the indictment, does not affect its substance. If the change is an abandonment, the requirements of Article 28.10 do not apply. *Eastep v. State*, 941 S.W.2d at 133; *Bates v. State*, 15 S.W.3d 155, 161 (Tex.App.-Texarkana 2000, pet. ref'd).

An abandonment is appropriate in the following situations: (1) concerning the ways or means of committing the offense; (2) reducing the charge to a lesser-included offense; and (3) eliminating surplusage.[1] *Eastep v. State*, 941 S.W.2d at 133–34.

---

* William J. Cornelius, Chief Justice, Retired, Sitting by Assignment

1. In *Gollihar v. State*, 46 S.W.3d 243 (Tex. Crim.App.2001), the Texas Court of Criminal Appeals held that, in the context of a variance between the indictment and the court's charge, the rule of surplusage is abolished, and hereafter, the test whether language creates a variance will be whether the questioned language is material, rather than whether it is surplusage. *Gollihar* involved a variance affecting the sufficiency of the evidence, and in no way pertained to the question whether portions of an indictment may be abandoned as surplusage without amending the indictment. We believe *Eastep v. State*, 941 S.W.2d

■ Surplusage is unnecessary language that is not legally necessary to constitute the offense charged in the charging instrument. *Whetstone v. State,* 786 S.W.2d 361, 364 (Tex.Crim.App.1990).

The allegations the State sought to abandon were surplusage. They did not furnish any allegation necessary to describe the offense charged, and the enhancement allegations remaining in the indictment after the abandonment were sufficient to raise the charged offense to a penalty group one offense under the Texas Controlled Substances Act. As the alteration in the indictment constituted an abandonment and not an amendment, the trial court did not abuse its discretion in granting the State's motion.

The judgment is affirmed.

130 (Tex.Crim.App.1997), still governs this          latter question.