IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00282-CR

 

Volney LaFayette Alston, IV,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the County Court

Falls County, Texas

Trial Court No. 02-5617

 



Opinion



 








          A jury convicted Volney Lafayette
Alston, IV of theft by a public servant of property valued at $50 or more but
less than $500.  The court sentenced him to sixty days’ confinement and a
$1,000 fine.  Alston contends in four issues that: (1) the court erred by
amending the information on the day of trial over his objection; (2) the court
erred by amending the complaint on the day of trial over his objection; (3) the
evidence is legally insufficient under the original information; and (4) the
evidence is factually insufficient under the original information.  We will
affirm.

          As originally filed, the complaint and
information alleged in pertinent part that Alston unlawfully appropriated
property from the “Marlin Volunteer Fire Department” while he was “a fireman
with the Marlin Volunteer Fire Department.”  At the commencement of trial, the
State asked the court to strike the word “Volunteer” in these two phrases from
both the complaint and information.  The court did so over Alston’s objection.

          Alston contends in his first and
second issues respectively that the court erred by striking the word
“Volunteer” from the information and complaint because this amounted to an
improper amendment of these documents.[1] 
The State responds that this was an appropriate abandonment of “surplusage.”

          A matter of form or substance in an
indictment or information may not be amended over the defendant’s objection
without permitting the defendant an additional ten days to prepare.  See
Tex. Code Crim. Proc. Ann. art.
28.10 (Vernon 1989).  However, allegations may be abandoned from an indictment
or information without giving the defendant additional time to prepare.

          The abandonment of allegations in an
indictment or information is appropriate when it: (1) abandons one or more
alternative means of committing the offense; (2) reduces the charged offense to
a lesser included offense; or (3) eliminates surplusage.  Eastep v. State,
941 S.W.2d 130, 135 (Tex. Crim. App. 1997), overruled on other grounds by
Riney v. State, 28 S.W.3d 561 (Tex. Crim. App. 2000); Mayfield v. State,
117 S.W.3d 475, 476 (Tex. App.—Texarkana 2003, pet. ref’d); Hardie v. State,
79 S.W.3d 625, 632 n.1 (Tex. App.—Waco 2002, pet. ref’d).  Surplusage includes
“allegations not essential to constitute the offense.”  Curry v. State,
30 S.W.3d 394, 399 (Tex. Crim. App. 2000) (quoting Burrell v. State, 526
S.W.2d 799, 802 (Tex. Crim. App. 1975)).

          An exception to this definition of
surplusage has been recognized which provides that when an unnecessary
allegation “is descriptive of that which is legally essential to charge a
crime, the State must prove it as alleged though needlessly pleaded.”  See
Eastep, 941 S.W.2d at 134 n.7; accord Curry, 30 S.W.3d at 399. 
Thus, it was held that “when an indictment describes a necessary person, place,
or thing with unnecessary particularity, the State must prove all circumstances
of the description.”  Eastep, 941 S.W.2d at 134 n.7 (citing Burrell,
526 S.W.2d at 802).  The focus of this exception was on whether the allegation
at issue described an element of the offense with more particularity than
necessary.  See Curry, 30 S.W.3d at 399.  The Court of Criminal Appeals
has identified this as “the Burrell exception.”  See Gollihar v.
State, 46 S.W.3d 243, 250 (Tex. Crim. App. 2001).

          Alston argues that the Burrell
exception applies here and thus the State could not abandon the term
“Volunteer” from the allegations of the complaint and information.  However,
the Court of Criminal Appeals has expressly overruled the Burrell
exception.  Id. at 256; see also Santana v. State, 59 S.W.3d 187,
195 (Tex. Crim. App. 2001).  Therefore, if the term “Volunteer” was “not
essential to constitute the offense” with which Alston was charged, then the
striking of this term was a permissible abandonment.

          The name of the agency from which
Alston stole the property in question and the name of the agency by which he
was employed were “not essential to constitute the offense” because they were
not elements of the offense.  See Fuller v. State, 73 S.W.3d 250, 254 (Tex. Crim. App. 2002); Gollihar, 46 S.W.3d at 258.  Thus, these allegations were
surplusage and were properly abandoned.  See Eastep, 941 S.W.2d at 135; Mayfield,
117 S.W.3d at 476; Hardie, 79 S.W.3d at 632 n.1.  Accordingly, we
overrule Alston’s first two issues.

          Alston contends in his third and fourth
issues that the evidence is legally and factually insufficient because the
State failed to prove the offense as alleged in the original complaint and
information.

          These issues depend on favorable
findings on Alston’s first and second issues.  However, we have determined that
the State properly abandoned the allegations that Alston was a firefighter with
the “Volunteer” fire department and stole property from that department.  The
State presented evidence that Alston was a firefighter with the Marlin Fire
Department and that he stole property belonging to the Marlin Fire Department. 
Thus, the evidence is legally and factually sufficient.  Accordingly, we
overrule Alston’s third and fourth issues.

We affirm the judgment.

 

FELIPE REYNA

Justice

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Affirmed

Opinion delivered and
filed September 21, 2005

Publish

[CR25]









[1]
          Actually, Alston’s second issue
reads, “The Trial Court erred in amending the sworn complaint by striking the
word ‘Volunteer’ and thus causing the complaint to no longer state facts which
were sworn to by the complainant.”  Although Alston raised the issue of the
propriety of altering a sworn document in the trial court, the argument portion
of his brief cites no authorities and makes no argument regarding this issue. 
Thus, we construe his second issue as a challenge to the court’s alteration of
the complaint for the same reasons he challenges the alteration of the
information in his first issue, which is grouped together with the second issue
in his brief.  We do not reach the question of whether it is proper for a trial
court to physically alter a sworn complaint.  Cf. Huynh v. State, 901
S.W.2d 480, 481-82 (Tex. Crim. App. 1995); Hess v. State, 953 S.W.2d 837,
840 (Tex. App.—Fort Worth 1997, pet. ref’d).








enter; line-height: 0.388889in">MERITS OF THE CLAIM
      The Kozackis seek two forms of relief: (1) an order compelling Judge Knize to hold a hearing
on their motions to reduce their bail and (2) an order compelling Judge Knize to allow Maxwell
and Rossini to represent them at that hearing without committing to represent them for the entire
criminal proceeding. On the first claim, the Kozackis have a clear right to relief. Once properly
filed and presented, the court does not have the option of refusing to hold a hearing on their
motions to reduce bail. See Gray, 726 S.W.2d at 128. Thus, the writ will conditionally issue
contingent on Judge Knize's continued refusal to hold a hearing on the motions to reduce bail.
      The second request goes to the application of Judge Knize's local rule of court. The effect
of such an absolute rule is to abrogate the constitutional right of defendants to choose counsel,
except for legal representation in the entire criminal proceeding. This effectively precludes their
choosing counsel, with or without specialized skills, to represent them only in a particular portion
of the proceeding, such as at a hearing on a motion to suppress or, in this instance, at a bail-reduction hearing. We believe the Sixth Amendment broadly protects this right, and that the trial
court, as in other cases, can override their choice only for important considerations relating to
integrity of the judicial process and the fair and orderly administration of justice. 
      Judge Knize paints a scenario which, if circumstances developed as he envisioned, might
justify his limiting the right of an accused to employ counsel for piece-meal representation. 
However, so far as the facts of this case are concerned, his concerns are based on unsupported
speculation. Neither he nor the district attorney could point to any demonstrable evidence that,
if Maxwell and Rossini were allowed to make a limited appearance, such would actually
thwart—or create a serious potential of thwarting—the court in controlling its docket in general
or in expediting this case in particular. See Wheat, 108 S.Ct. at 1700. "In judicial administration
. . . there should be no absolutes." U. S. ex rel. Carey v. Rundle, 409 F.2d 1210, 1215 (3rd Cir.
1969), cert. denied, 397 U.S. 946, 90 S.Ct. 964, 25 L.Ed.2d 127 (1970). Judge Knize's informal
rule of absolute application violates this general principle of judicial administration and, if allowed
to continue, will operate to violate the Kozackis' right to representation by counsel of choice. 
Thus, the Kozackis have shown that they are clearly entitled to the relief sought. The writ will
issue only if Judge Knize continues to refuse to allow Maxwell and Rossini to appear for the
limited purpose of the bail reduction hearing. 
      We conditionally grant the Kozackis' petitions for a writ of mandamus. We assume that Judge
Knize will promptly conduct the hearing and allow Maxwell and Rossini to appear on the
Kozackis' behalf. The writ will issue only if Judge Knize fails to promptly conduct the hearing
on the motions to reduce bail or if he refuses to allow Maxwell and Rossini to appear for the
limited purpose of the bail reduction hearing.
 
                                                                                      PER CURIAM  

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Writ of mandamus conditionally granted
Opinion delivered and filed September 13, 1994
Publish