**Volney LaFayette ALSTON, IV, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 10–03–00282–CR.

Court of Appeals of Texas, Waco.

Sept. 21, 2005.

Rehearing Overruled Nov. 8, 2005.

Hoagie L. Karels, Marlin, for appellant.

Kathryn J. Gilliam, Falls County Dist. Atty., Marlin, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

A jury convicted Volney Lafayette Alston, IV of theft by a public servant of property valued at $50 or more but less than $500. The court sentenced him to sixty days' confinement and a $1,000 fine. Alston contends in four issues that: (1) the court erred by amending the information on the day of trial over his objection; (2) the court erred by amending the complaint on the day of trial over his objection; (3) the evidence is legally insufficient under the original information; and (4) the evi-

dence is factually insufficient under the original information. We will affirm.

As originally filed, the complaint and information alleged in pertinent part that Alston unlawfully appropriated property from the "Marlin Volunteer Fire Department" while he was "a fireman with the Marlin Volunteer Fire Department." At the commencement of trial, the State asked the court to strike the word "Volunteer" in these two phrases from both the complaint and information. The court did so over Alston's objection.

Alston contends in his first and second issues respectively that the court erred by striking the word "Volunteer" from the information and complaint because this amounted to an improper amendment of these documents.[1] The State responds that this was an appropriate abandonment of "surplusage."

A matter of form or substance in an indictment or information may not be amended over the defendant's objection without permitting the defendant an additional ten days to prepare. *See* TEX.CODE CRIM. PROC. ANN. art. 28.10 (Vernon 1989). However, allegations may be abandoned from an indictment or information without giving the defendant additional time to prepare.

The abandonment of allegations in an indictment or information is appropriate when it: (1) abandons one or more alternative means of committing the of-

---

1. Actually, Alston's second issue reads, "The Trial Court erred in amending the sworn complaint by striking the word 'Volunteer' and thus causing the complaint to no longer state facts which were sworn to by the complainant." Although Alston raised the issue of the propriety of altering a sworn document in the trial court, the argument portion of his brief cites no authorities and makes no argument regarding this issue. Thus, we construe his second issue as a challenge to the court's

alteration of the complaint for the same reasons he challenges the alteration of the information in his first issue, which is grouped together with the second issue in his brief. We do not reach the question of whether it is proper for a trial court to physically alter a sworn complaint. *Cf. Huynh v. State*, 901 S.W.2d 480, 481–82 (Tex.Crim.App.1995); *Hess v. State*, 953 S.W.2d 837, 840 (Tex.App.-Fort Worth 1997, pet. ref'd).

fense; (2) reduces the charged offense to a lesser included offense; or (3) eliminates surplusage. *Eastep v. State,* 941 S.W.2d 130, 135 (Tex.Crim.App.1997), *overruled on other grounds by Riney v. State,* 28 S.W.3d 561 (Tex.Crim.App.2000); *Mayfield v. State,* 117 S.W.3d 475, 476 (Tex. App.-Texarkana 2003, pet. ref'd); *Hardie v. State,* 79 S.W.3d 625, 632 n. 1 (Tex.App.-Waco 2002, pet. ref'd). Surplusage includes "allegations not essential to constitute the offense." *Curry v. State,* 30 S.W.3d 394, 399 (Tex.Crim.App.2000) (quoting *Burrell v. State,* 526 S.W.2d 799, 802 (Tex.Crim.App.1975)).

■ An exception to this definition of surplusage has been recognized which provides that when an unnecessary allegation "is descriptive of that which is legally essential to charge a crime, the State must prove it as alleged though needlessly pleaded." *See Eastep,* 941 S.W.2d at 134 n. 7; *accord Curry,* 30 S.W.3d at 399. Thus, it was held that "when an indictment describes a necessary person, place, or thing with unnecessary particularity, the State must prove all circumstances of the description." *Eastep,* 941 S.W.2d at 134 n. 7 (citing *Burrell,* 526 S.W.2d at 802). The focus of this exception was on whether the allegation at issue described an element of the offense with more particularity than necessary. *See Curry,* 30 S.W.3d at 399. The Court of Criminal Appeals has identified this as "the *Burrell* exception." *See Gollihar v. State,* 46 S.W.3d 243, 250 (Tex. Crim.App.2001).

Alston argues that the *Burrell* exception applies here and thus the State could not abandon the term "Volunteer" from the allegations of the complaint and information. However, the Court of Criminal Appeals has expressly overruled the *Burrell* exception. *Id.* at 256; *see also Santana v. State,* 59 S.W.3d 187, 195 (Tex.Crim.App. 2001). Therefore, if the term "Volunteer"

was "not essential to constitute the offense" with which Alston was charged, then the striking of this term was a permissible abandonment.

The name of the agency from which Alston stole the property in question and the name of the agency by which he was employed were "not essential to constitute the offense" because they were not elements of the offense. *See Fuller v. State,* 73 S.W.3d 250, 254 (Tex.Crim.App.2002); *Gollihar,* 46 S.W.3d at 258. Thus, these allegations were surplusage and were properly abandoned. *See Eastep,* 941 S.W.2d at 135; *Mayfield,* 117 S.W.3d at 476; *Hardie,* 79 S.W.3d at 632 n. 1. Accordingly, we overrule Alston's first two issues.

Alston contends in his third and fourth issues that the evidence is legally and factually insufficient because the State failed to prove the offense as alleged in the original complaint and information.

These issues depend on favorable findings on Alston's first and second issues. However, we have determined that the State properly abandoned the allegations that Alston was a firefighter with the "Volunteer" fire department and stole property from that department. The State presented evidence that Alston was a firefighter with the Marlin Fire Department and that he stole property belonging to the Marlin Fire Department. Thus, the evidence is legally and factually sufficient. Accordingly, we overrule Alston's third and fourth issues.

We affirm the judgment.