Opinion issued April 19, 2007


 












In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00766-CR






BRYAN WILLIAMS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause No. 1008723






MEMORANDUM OPINION

 A jury convicted appellant, Bryan Williams, of aggravated robbery, found an
enhancement allegation "true," and assessed punishment at 75 years' confinement. 
In six points of error, appellant contends that (1) the trial court erred by permitting
the State to cross-examine appellant with specific instances of misconduct, (2) the
trial court erred by permitting the State's fingerprint expert to testify although the
State did not provide notice to appellant that the expert would testify, (3) counsel at
trial was ineffective because he did not request a jury instruction on the voluntariness
of appellant's statements to police, (4) the trial court erred by permitting the State to
amend the indictment during trial, (5) there was a fatal variance between the
indictment and the court's charge, and (6) the State impermissibly argued facts
outside the record. We affirm.

Background

 Because all six of appellant's alleged errors involve the punishment phase of
the trial, only a brief recitation of facts is required. On November 29, 2004, as
Brandy Smith was getting into her car to leave a grocery store, appellant pointed a
gun at her, demanded her keys, and threatened to shoot her if she screamed. Smith
ran back into the store and told an off-duty police officer who was working security
that she had been robbed. The officer ran outside and found appellant in Smith's car. 
Appellant was struggling to get the car to move because he was unfamiliar with the
standard transmission. The officer ordered appellant out of the car and then
recovered the gun appellant had pointed at Smith from the front passenger seat.


Specific Instances of Misconduct

 In his first point of error, appellant contends that the trial court erred, at
punishment, by allowing the State to "impeach" appellant with his confession to
police that he had committed 15 other robberies. Appellant argues that his testimony
that he was "a good guy" and "not a bad person" did not "open the door" to the
admission of evidence of the extraneous robberies. Specifically, appellant contends
that his criminal history was irrelevant because testimony that "he was not a bad
person" did not create a false impression before the jury. See Prescott v. State, 744
S.W.2d 128, 131 (Tex. Crim. App. 1988) (holding that defendant whose testimony
at trial creates false impression about prior arrests, convictions, charges against him,
or "troubles" with police can be impeached with prior acts of misconduct).

 However, the trial court has broad discretion in determining the admissibility
of evidence presented at the punishment phase of trial. Henderson v. State, 29
S.W.3d 616, 626 (Tex. App.--Houston [1st Dist.] 2000, pet. ref'd). Evidence may be
offered by the State and the defendant "as to any matter the court deems relevant to
sentencing," including evidence of other crimes or bad acts. Tex.Code Crim. Proc.
Ann. art. 37.07 § 3(a)(1) (Vernon Supp. 2006); Flores v. State, 125 S.W.3d 744, 746
(Tex. App.--Houston [1st Dist.] 2003, no pet.). The scope of punishment evidence
is broad to enable a fact-finder to assess an appropriate sentence for a particular
defendant. See Rogers v. State, 991 S.W.2d 263, 265 (Tex. Crim. App. 1999).

 Here, the trial court charged the jury that it could consider evidence of
extraneous crimes or bad acts in assessing punishment. Appellant does not challenge
the admission of testimony about previous robberies, and such evidence was relevant
to assist the jury in determining an appropriate punishment after conviction. 
Accordingly, the trial court did not abuse its discretion in admitting such evidence.

 We overrule point of error one.

Testimony by State's Fingerprint Expert

 In point of error two, appellant contends the trial court erred by allowing Randy
Schield, the State's fingerprint expert, to testify at the punishment phase even though
the State had not given the defendant notice of its intent to call Schield. See Tex.
Code Crim. Proc. Ann. art. 39.14(b) (Vernon Supp. 2006). This evidence was used
to support the allegation in the enhancement paragraphs of the indictment.

 In Stoker v. State, 788 S.W.2d 1 (Tex. Crim. App. 1989), the Court of Criminal
Appeals stated,

 If a witness whose name is not on a witness list furnished the defendant
is permitted to testify, the standard of review is whether the trial court
abused its discretion in allowing such witness to testify. Among the
factors which will be considered by this Court in determining whether
there has been an abuse of discretion is a showing of bad faith on the
part of the prosecutor in failing to disclose ahead of time the name of the
witness. Another such factor is whether the defendant can reasonably
anticipate that the witness would testify, although his or her name was
not included within the witness list.

 

Id. at 15 (citations omitted).

 In Irvine v. State, 857 S.W.2d 920, 927 (Tex. App.--Houston [1st Dist] 1993,
pet. ref'd), the State, as in this case, failed to disclose to the defendant that it intended
to call a fingerprint expert to prove up an enhancement allegation at punishment. Id
at 926. This Court held that the trial court did not abuse its discretion in allowing the
fingerprint examiner to testify because (1) there was no evidence in the record of bad
faith on the part of the prosecutor, and (2) the allegations in the two enhancement
paragraphs were clearly set out in the indictment and defendant's counsel should have
anticipated that a fingerprint examiner would testify for the State to compare
appellant's fingerprints with the fingerprints in the penitentiary packets. Id. at 927.

 Similarly, in this case, there is no evidence of bad faith on the part of the
prosecutor. Also, in light of the enhancement allegation in the indictment, appellant
should have anticipated that a fingerprint expert would testify to prove up the
enhancement in the event he was found guilty. Accordingly, the trial court did not
abuse its discretion by permitting Schield to testify.

 We overrule point of error two.

Ineffective Assistance of Counsel

 In point of error three, appellant contends he received ineffective assistance of
counsel at the punishment phase of the trial. Specifically, he contends that his
attorney should have requested an instruction in the court's charge regarding the
voluntariness of the statement appellant made to police, in which he confessed to
committing 15 other robberies. (1) 

 To determine if a defendant has been denied effective assistance of counsel, we
follow the standard set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S.
Ct. 2052, 2064 (1984). First, the appellant must demonstrate that his counsel's
representation fell below an objective standard of reasonableness under prevailing
professional norms. Id. at 688, 104 S. Ct. at 2064; Howland v. State, 966 S.W.2d 98,
104 (Tex. App.--Houston [1st Dist.] 1998), aff'd, 990 S.W.2d 274 (Tex. Crim. App.
1999). Second, the appellant must establish that his counsel's performance was so
prejudicial that it deprived him of a fair trial. Howland, 966 S.W.2d at 104. Thus,
the appellant must show that a reasonable probability exists that, but for his counsel's
unprofessional errors, the result of the proceeding would have been different. 
Strickland, 466 U.S. at 694, 104 S. Ct. at 2068; Howland, 966 S.W.2d at 104. The
appellant has the burden to establish both of these prongs by a preponderance of the
evidence. Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998).

 It is presumed that trial counsel's strategy was sound and that the
representation was reasonable. Gamble v. State, 916 S.W.2d 92, 93 (Tex.
App.--Houston [1st Dist.] 1996, no pet.). In assessing whether a defendant has
overcome these presumptions, we are limited to the facts of the case. Thompson v.
State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). We cannot speculate beyond the
record provided. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). An
appellant making a claim of ineffective assistance must identify the acts or omissions
of counsel that are alleged not to have been the result of reasonable professional
judgment." Strickland, 466 U.S. at 690, 104 S. Ct. at 2066. Any allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness. Thompson, 9 S.W.3d at 813. 
Ordinarily, the record on direct appeal will not be sufficient to show that counsel's
representation was so deficient and so lacking in tactical or strategic decision making
as to overcome the presumption that counsel's conduct was reasonable and
professional. Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Generally,
trial counsel should be given an opportunity to explain his actions before being
denounced as ineffective. Rylander v. State, 101 S.W.3d 107, 111 (Tex. Crim. App.
2003). However, if a silent record clearly indicates that no reasonable attorney could
have made such trial decisions, to hold such counsel ineffective is not speculation.
See Vasquez v. State, 830 S.W.2d 948, 950-51 (Tex. Crim. App. 1992).

 In this case, appellant did not file a motion for new trial and the record is silent
as to why appellant's counsel did not request an instruction on the voluntariness of
appellant's statement to police. Appellant directs us to no evidence demonstrating
that his statement, in which he confessed to committing 15 other robberies, was
involuntary. Here, trial counsel's failure to request a voluntariness instruction does
not rise to a level such that no reasonable attorney could have made such a trial
decision.

 We overrule point of error three.

Amendment of Indictment

 In point of error four, appellant contends the trial court erred by allowing the
State to amend the indictment during trial. The indictment in the case provided:

 Before the offense alleged above, on August 27, 1990, in Cause No.
555083 in the 263rd District Court of Harris County, Texas, the
defendant was convicted of the felony of aggravated robbery.


 At the beginning of the punishment phase of the trial, the prosecutor moved to
abandon the "August 27" portion of the indictment, leaving only the year of the
alleged prior conviction. Appellant objected to the change, and the State responded
that it was abandoning surplusage in the indictment, not amending it.

 Article 28.10 of the Code of Criminal Procedure provides that, "after notice to
the defendant, a matter of form or substance in an indictment or information may be
amended at any time before the date the trial on the merits commences." Tex. Code
Crim. Proc. Ann. art. 28.10(a) (Vernon 2003). However, "[a]n indictment or
information may not be amended over the defendant's objection as to form or
substance if the amended indictment or information charges the defendant with an
additional or different offense or if the substantial rights of the defendant are
prejudiced." Tex Code Crim. Proc. Ann. art. 28.10(c) (Vernon 2003). A "different
offense" means a different statutory offense. Flowers v. State, 815 S.W.2d 724, 728
(Tex. Crim. App. 1991).

 An amendment to an indictment is a change that affects the substance of the
indictment, while an abandonment, even if effected by a physical change in the
indictment, does not affect its substance. Eastep v. State, 941 S.W.2d 130, 132-33
(Tex. Crim. App. 1997), overruled on other grounds, Riney v. State, 28 S.W.3d 561
(Tex. Crim. App. 2000). An alteration to the charging instrument that constitutes
abandonment, rather than amendment of the instrument, does not invoke the
requirements of article 28.10(c). See Eastep, 941 S.W.2d at 133.

 An abandonment is appropriate in the following situations: (1) changing the
ways or means of committing the offense; (2) reducing the charge to a lesser-included
offense; and (3) eliminating surplusage. Mayfield v. State, 117 S.W.3d 475, 476
(Tex. App.--Texarkana 2003, pet. denied). Surplusage is "unnecessary language not
legally essential to constitute the offense alleged in the charging instrument." Eastep,
941 S.W.2d at 134; see also Collins v. State, 500 S.W.2d 168, 169 (Tex. Crim. App.
973). The court in Whetstone v. State held,

 The general rule is that allegations which are not essential to constitute
the offense, and which might be entirely omitted without affecting the
charge against the defendant, and without detriment to the indictment,
are treated as surplusage. 


Id., 786 S.W.2d 361, 364 (Tex. Crim. App. 1990), overruled on other grounds,
Gollihar v. State, 46 S.W.3d 243 (Tex. Crim. App. 2001).

 Because the month and day portions were not necessary to describe the offense
charged in the enhancement paragraph, and the remaining allegations were sufficient
to identify the offense, the trial court's change to the indictment was a proper
abandonment, not an amendment. See Mayfield, 117 S.W.3d at 476; see also Chavis
v. State, 177 S.W. 3d 310, 311 (Tex. App.--Houston [1st Dist.] 2005, pet. ref'd)
(holding deletion of convicting court in enhancement paragraph of indictment to be
abandonment, not amendment, because allegation not necessary to describe offense).

 Because the change to the indictment was an abandonment, not an amendment,
the trial court did not err by permitting the change, over defendant's objection, during
trial.

 We overrule point of error four.

Fatal Variance

 In point of error five, appellant contends there was a fatal variance between the
indictment and the court's charge, and, as a result, the court's charge was an improper
comment on the weight of the evidence. Specifically, appellant complains that the
enhancement paragraph of the indictment [after alteration at the State's request]
alleged that appellant had committed a prior offense in "1990," while the charge
stated that the prior conviction occurred on "August 27, 1990."

 A variance occurs when there is a discrepancy between the allegations in the
charging instrument and the proof at trial. Gollihar v. State, 46 S.W.3d 243, 246
(Tex. Crim. App. 2001). In a variance situation, the State has proven the defendant
guilty of a crime, but has proven its commission in a manner that varies from the
allegations in the charging instrument. Id. Surplusage may cause a variance between
the pleading and the proof. Whetstone, 786 S.W.2d at 364. However, "only a
material variance is fatal [and a] variance between the charging instrument and the
proof at trial is material only if it operated to the defendant's surprise or prejudiced
his rights." Gollihar, 46 S.W.3d at 264. The rule of surplusage is generally
consistent with variance law's materiality requirement because an allegation that is
not essential to constitute the offense, and the omission of which will not affect the
charge against the defendant or will not be detrimental to the indictment will likely
also not be "material" within the meaning of the fatal-variance doctrine. Id. at 250. 
Therefore, it may be disregarded as surplusage and an immaterial variance. Id.

 In this case, a variance was created between the indictment and the jury charge
because the date of the conviction in the enhancement paragraph was abandoned,
leaving only the year of the conviction. However, that variance was not material. 
Both the enhancement paragraph and the indictment stated the same cause number,
the same offense, the same court, and the same year of judgment. The only variance
was in the omission of the month and day of the earlier conviction. Abandoning the
month and day in the enhancement paragraphs would not have prevented appellant
from locating the record of the prior conviction upon which the State relied, nor was
the inclusion of the month and day essential to constitute the offense. As such, the
variance was neither material nor fatal. See Freda v. State, 704 S.W.2d 41, 43 (Tex.
Crim. App. 1986) (holding that variance not fatal when indictment alleged prior
conviction for bank robbery, but proof showed defendant had been convicted of
conspiracy to commit bank robbery); Rooks v. State, 576 S.W.2d 615, 617 (Tex.
Crim. App. 1978) (holding that variance between charging instrument alleging prior
conviction in the "Criminal District Court of Harris County" and proof showing
conviction in the "184th District Court of Harris County" was not material); Bray v.
State, 531 S.W.2d 633, 635 (Tex. Crim. App. 1976) (holding that variance in number
of district court, when county and cause number of the conviction were correct, was
not material); Barrett v. State, 900 S.W.2d 748, 752 (Tex. App.--Tyler 1995, pet.
ref'd) (holding that variance not fatal when enhancement paragraph alleged burglary
of building and proof showed prior conviction for attempted burglary of building).

 We overrule point of error five.

Impermissible Jury Argument

 In his sixth point of error, appellant contends he was denied a fair trial when
the State impermissibly inflamed the jury by arguing outside the record. During the
State's closing argument the prosecutor stated, "You can bet your bottom dollar if he
gets out of prison, he will commit another aggravated robbery." Defense counsel
objected that the argument was outside the record. The trial court sustained the
objection, instructed the jury to disregard the argument, and denied appellant's
motion for mistrial.

 In Cook v. State, the prosecutor argued, "How many innocent victims have to
be beaten, robbed, kidnapped and murdered before we as a society get the message? 
 . . . . The man is a sociopath. He's going to kill people. He's dangerous. How many
times will it take before that man is forever stopped?" 858 S.W.2d 467, 477 (Tex.
Crim. App. 1993). The Court of Criminal Appeals held that this argument constituted
a reasonable deduction from the evidence of appellant's violent past history as well
as a proper plea for law enforcement. Id.

 In the present case, the State introduced evidence that appellant had a prior
conviction for aggravated robbery, and, at the punishment phase of the trial, proved
up four similar aggravated robberies in which appellant was identified as the
perpetrator. In addition, there was evidence that appellant had confessed to 15 other
robberies. Thus, the prosecutor's argument that "You can bet your bottom dollar if
he gets out of prison, he will commit another aggravated robbery" was a reasonable
deduction from the evidence and a plea for law enforcement.

 We overrule point of error six.

Conclusion We affirm the judgment.

 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Jennings and Bland.


Do not publish. Tex. R. App. P. 47.2(b).
1. - 
 
 - 
 ' 
 ' 
 ' '
 ' '