

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-16-00001-CR

---

DARRIL HAGGER KARL, JR.                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
## TRIAL COURT NO. 1396699D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Darril Hagger Karl, Jr. appeals his convictions for aggravated assault on a public servant and for evading arrest. In his first and second points, appellant contends that the evidence fails to prove a fact alleged in the indictment and is therefore insufficient to support his conviction for aggravated assault. In his third point, he contends that the evidence is insufficient to prove

---

[1]See Tex. R. App. P. 47.4.

that his truck qualified as a deadly weapon by his use or intended use of it.  We affirm.

## Background Facts

A grand jury indicted appellant with aggravated assault on a public servant (by causing bodily injury and using or exhibiting a deadly weapon) and with evading arrest.[2]  With regard to the aggravated assault count, the indictment alleged that appellant intentionally or knowingly caused bodily injury to a police officer, Ernesto Tamayo, by "STRIKING HIM WITH [APPELLANT'S] VEHICLE." Concerning the evading arrest count, the indictment alleged that appellant used a vehicle to evade Officer Tamayo while knowing that Officer Tamayo was attempting to detain him.  The indictment contained a paragraph alleging that appellant had been previously convicted of two felony offenses.

Appellant received appointed counsel, chose the trial court to assess his punishment in the event of his conviction, and pled not guilty to both charges in front of a jury.  The jury received evidence that in December 2014, while several police officers were attempting to arrest a suspect on a murder warrant, appellant, who was driving a truck containing the suspect, attempted to evade

---

[2]*See* Tex. Penal Code Ann. §§ 22.01(a)(1), 38.04(a) (West Supp. 2016), § 22.02(a)(2), (b)(2)(B) (West 2011).

the police and eventually rammed Officer Tamayo's vehicle before crashing into a brick wall.[3]

After the parties completed their presentations of evidence and arguments, the jury found appellant guilty of both offenses. At punishment, the trial court found the enhancement allegation in the indictment to be true and sentenced appellant to thirty-five years' confinement on each count. The court ordered the sentences to run concurrently and entered affirmative deadly weapon findings in the judgments for both counts. Appellant brought this appeal.

### Evidentiary Sufficiency

In all three points, appellant argues that the evidence is insufficient to support his convictions. He contends in his first two points that the evidence is insufficient because of a variance between the indictment's language and the evidence at trial with respect to his aggravated assault conviction,[4] and he asserts in his third point that the evidence is insufficient to prove that his truck was a deadly weapon by his use or intended use of it.

---

[3]According to another officer involved in the chase, this collision "set off every air bag in [Officer Tamayo's] vehicle and completely disabled further control of that vehicle." Officer Tamayo testified that the crash caused pain to his left arm, left shoulder, and face.

[4]Appellant argues in his first point that the trial court erred by denying his motion for a directed verdict. This argument is a challenge to the sufficiency of the evidence to support his conviction. *See Dominguez v. State*, 355 S.W.3d 918, 921 (Tex. App.—Fort Worth 2011, pet. ref'd) (mem. op.).

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App.), *cert. denied*, 136 S. Ct. 198 (2015). To determine whether the State has met its burden under *Jackson* to prove a defendant's guilt beyond a reasonable doubt, we compare the elements of the crime as defined by the hypothetically correct jury charge to the evidence adduced at trial. *Thomas v. State*, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014); *see Crabtree v. State*, 389 S.W.3d 820, 824 (Tex. Crim. App. 2012) ("The essential elements of the crime are determined by state law.").

**Alleged variance**

In his first two points, with respect to his aggravated assault conviction, appellant contends that there is a variance between the indictment's language and the proof at trial and that the State therefore "failed to prove an essential element." Specifically, he argues that the evidence is insufficient to support his conviction because while the indictment alleged that he caused injury to Officer Tamayo by striking him with his truck, the evidence showed that he caused injury

4

to Officer Tamayo by striking Officer Tamayo's car with his truck. He contends, "The State was required to prove beyond a reasonable doubt what the State alleged in the indictment: that [appellant's] vehicle actually hit Ernesto Tamayo. The State only proved that [appellant's] vehicle hit Ernesto Tamayo's vehicle."[5]

A person commits aggravated assault by intentionally or knowingly causing bodily injury to another while using or exhibiting a deadly weapon. *See* Tex. Penal Code Ann. §§ 22.01(a)(1), .02(a)(2). Recently, we held that in an assaultive offense, the manner and means of causing a victim's injury are not essential elements of an offense that are required to be included in a hypothetically correct jury charge. *Guzman v. State*, No. 02-14-00297-CR, 2015 WL 6664471, at *5 (Tex. App.—Fort Worth Oct. 29, 2015, no pet.) (mem. op., not designated for publication). In reaching that conclusion, we stated,

> Several courts have held that the manner and means of the bodily injury alleged is not an essential element of an assaultive offense and therefore is not included in the hypothetically correct jury charge. *Thomas v. State*, 303 S.W.3d 331, 333 (Tex. App.—El Paso 2009, no pet.); *Rodriguez v. State*, 274 S.W.3d 760, 767 (Tex. App.—San Antonio 2008, no pet.); *Phelps v. State*, 999 S.W.2d 512, 516 (Tex. App.—Eastland 1999, pet. ref'd) . . . . A variance between the manner and means alleged and the actual manner and means used does not preclude a conviction. *Thomas*, 303 S.W.3d at 333. *Even though the State may include the manner and means in the indictment, it will be disregarded in a hypothetically correct jury charge. See Johnson v. State*, 364 S.W.3d 292, 298 (Tex. Crim.

---

[5]Appellant unsuccessfully sought a directed verdict on this theory in the trial court. We will assume without deciding that the difference between hitting Officer Tamayo's person as opposed to his car constitutes an actual variance between pleading and proof, and we will confine our analysis to whether any such variance was material.

5

App. 2012) (holding variance immaterial in aggravated assault case when indictment alleged that the defendant hit the victim and twisted her arm "with his hand" and evidence showed that the defendant threw the victim against a wall); *Thomas*, 303 S.W.3d at 333 (holding that variance in the manner and means alleged—striking the victim with the defendant's hand—and the actual manner and means used—pushing the victim—was immaterial); *Botello v. State*, No. 08-04-00127-CR, 2005 WL 2044667, at *2–3 (Tex. App.—El Paso Aug. 25, 2005, pet. ref'd) (not designated for publication) (holding that variance in the manner and means alleged—striking the victim's head against a door frame—and the actual manner and means used—pushing the victim—was immaterial); *Phelps*, 999 S.W.2d at 518 (holding that the fact that the State did not present evidence of the manner and means alleged—striking the victim in the head with the defendant's hand—was immaterial where the hypothetically correct jury charge would not have included the descriptive phrase "with his hand").

*Id.* (emphasis added) (footnote omitted); *see also Dawson v. State*, No. 08-11-00203-CR, 2013 WL 4017433, at *4 (Tex. App.—El Paso Aug. 7, 2013, no pet.) (not designated for publication) ("Several courts including this one have held that the manner and means of an assault offense is not an essential element of the offense and as a result, need not be included in the hypothetically correct jury charge."); *Dunn v. State*, No. 05-10-00196-CR, 2011 WL 227715, at *2 (Tex. App.—Dallas Jan. 26, 2011, pet. ref'd) (not designated for publication) (concluding that the evidence was sufficient to uphold the defendant's conviction even though the proof at trial did not show that the defendant struck the complainant specifically with his hand or fist—as the indictment alleged—

because the manner and means of causing bodily injury are not essential elements of assault).[6]

Relying on the cases cited above, we conclude that any variance between the indictment and the proof in this case concerning striking Officer Tamayo's person or only his car is immaterial because the manner and means of causing bodily injury in an assault is disregarded in a hypothetically correct jury charge. *See Thomas*, 444 S.W.3d at 8; *Johnson*, 364 S.W.3d at 298; *Guzman*, 2015 WL 6664471, at *5. Comparing the elements of aggravated assault as defined by the hypothetically correct jury charge to the evidence adduced at trial, we conclude that a rational jury could have found the elements beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Thomas*, 444 S.W.3d at 8. We overrule appellant's first two points.

**Deadly weapon**

In his third point, appellant argues that the evidence is insufficient to prove beyond a reasonable doubt that his truck qualified as a deadly weapon by its use or intended use. He contends that he hit Officer Tamayo's vehicle "by accident."

---

[6]Appellant cites a case from the court of criminal appeals for the proposition that when the "State alleges a particular manner and means of the commission of an offense in the indictment, . . . the State must prove it as alleged though needlessly pleaded." But the case that appellant cites does not support the proposition. *See Gollihar v. State*, 46 S.W.3d 243, 257 (Tex. Crim. App. 2001) (holding that allegations "giving rise to immaterial variances may be disregarded in the hypothetically correct charge"); *see also Alston v. State*, 175 S.W.3d 853, 855 (Tex. App.—Waco 2005, no pet.) (recognizing that in *Gollihar*, the court overruled the surplusage rule, including the "needlessly pleaded" exception to that rule).

The penal code's definition of "[d]eadly weapon" includes "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." Tex. Penal Code Ann. § 1.07(a)(17)(B) (West Supp. 2016). A motor vehicle is not a deadly weapon per se, but it may become one if its manner of use is capable of causing death or serious bodily injury. *Brister v. State*, 449 S.W.3d 490, 494 (Tex. Crim. App. 2014); *see Cates v. State*, 102 S.W.3d 735, 738 (Tex. Crim. App. 2003) ("An automobile can be a deadly weapon if it is driven so as to endanger lives."). Specific intent to use a motor vehicle as a deadly weapon is not required. *Daniel v. State*, 478 S.W.3d 773, 780 (Tex. App.—Fort Worth 2015, no pet.).

The jury heard testimony establishing that shortly after three police officers in separate vehicles began following appellant's truck, appellant, while carrying two passengers, sped out of a convenience store parking lot and onto a road. Once appellant was driving on the road at a high speed, with Officer Tamayo following directly behind him, he jerked his truck back and forth and then slammed on his brakes, which required Officer Tamayo to swerve toward the truck's passenger side to avoid colliding with it. Appellant increased his speed to get ahead of Officer Tamayo again, and appellant again began jerking the truck side to side. Eventually, appellant crossed into a grassy median, and Officer Tamayo followed him. While in the median, appellant's truck clipped the front of Officer Tamayo's car but did not disable it.

Appellant drove off of the median and back onto the road, and shortly thereafter, he "ram[med]" the side of Officer Tamayo's car, running it off the road. All of the airbags in Officer Tamayo's car deployed, and his car was disabled. He suffered pain in his left arm, left shoulder, and face. Shortly thereafter, appellant lost control of the truck and crashed into a brick wall bordering a home's back yard. Most of the brick wall was destroyed where appellant collided with it. Two officers involved in the case, including Officer Tamayo, testified that appellant's ramming of Officer Tamayo's car appeared to be deliberate.

Viewing this evidence in the light most favorable to the jury's verdicts, we conclude that it is sufficient to show that appellant's truck qualified as a deadly weapon by his use and intended use of it. *See* Tex. Penal Code Ann. § 1.07(a)(17)(B); *Cates*, 102 S.W.3d at 738; *Daniel*, 478 S.W.3d at 780; *see also Drichas v. State*, 175 S.W.3d 795, 797–98 (Tex. Crim. App. 2005) (holding that a defendant's truck qualified as a deadly weapon when he recklessly pulled out of a gas station parking lot, cut off a police officer and required the officer to slam on brakes to avoid a collision, fishtailed, and failed to control the truck); *Cook v. State*, 328 S.W.3d 95, 100 (Tex. App.—Fort Worth 2010, pet. ref'd) (stating that in determining whether an automobile qualifies as a deadly weapon, we may consider whether the defendant sped, drove erratically, and failed to control the automobile). We overrule appellant's third point.

## Conclusion

Having overruled all of appellant's points, we affirm the trial court's judgments.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and SUDDERTH, JJ.

DAUPHINOT, J., dissents without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  September 29, 2016