**Levi Nathan AULDRIDGE, Appellant,**

v.

**The STATE of Texas, State.**

**No. 02–05–409–CR.**

Court of Appeals of Texas, Fort Worth.

May 3, 2007.

David Richards, Fort Worth, for Appellant.

Charles M. Mallin, Chief, Appellate Division, District Attorney's Office, Fort Worth, for State.

PANEL A: CAYCE, C.J.;
DAUPHINOT and WALKER, JJ.

## OPINION

JOHN CAYCE, Chief Justice.

Appellant Levi Nathan Auldridge appeals his conviction for intoxication manslaughter. In one point, he contends that the trial court erred by failing to grant his motion for a ten-day continuance after the State deleted the words "at a high rate of speed" from the indictment in violation of article 28.10(a) of the Texas Code of Criminal Procedure. We affirm.

On December 18, 2004, appellant was involved in an automobile collision with Arnoldo Hinojosa, in which Hinojosa was killed. Appellant admitted in a written statement that he was under the influence of illegal drugs at the time of the collision.

Appellant was subsequently indicted for intoxication manslaughter. The indictment stated that appellant

> operate[d] a motor vehicle in a public place while intoxicated, and did by reason of such intoxication cause the death of another ... through accident or mistake, namely: by driving his vehicle *at a high rate of speed* into the oncoming traffic lane and striking the vehicle in which ... Hinojosa was driving, and said defendant was intoxicated by not having the normal use of his mental or physical faculties by reason of the introduction of a controlled substance....

> And ... during the commission of the above described felony, the said defendant did use a deadly weapon, to wit: an automobile, that in the manner of its use or intended use was capable of causing death or serious bodily injury.

On the day of trial, before jury selection, the prosecutor informed the trial court that the State was deleting the "surpluses [sic] in the indictment, the words 'at a high rate of speed.'" Appellant objected to the prosecutor's request, asserting that it was an improper amendment to the indictment rather than an abandonment of surplusage. The trial court overruled the objection. The trial court also denied appellant's subsequent request for a ten-day

continuance to prepare for the new charge because, according to appellant, the amendment to the indictment "substantially change[d]" his trial strategy.

Appellant argues that the trial court abused its discretion by denying his request for a ten-day continuance because the State amended the indictment in violation of article 28.10(a) of the code of criminal procedure by omitting the words "at a high rate of speed." The State contends that the trial court did not violate article 28.10(a) because the omission of the phrase "at a high rate of speed" did not constitute an amendment of the indictment, but rather constituted an abandonment of surplusage because it was unnecessary language not legally essential to constitute the offense alleged.

■ Article 28.10(a) provides,

After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information.[1]

The requirements of article 28.10 are triggered only when the substance of the indictment or information is amended; they do not apply to nonsubstantive alterations to the charging instrument.[2]

■ The elements of intoxication manslaughter are that a person (1) operates a motor vehicle in a public place, and (2) is intoxicated, and by reason of that intoxication causes the death of another by accident or mistake.[3] Thus, all that the indictment needed to allege to be legally sufficient in this case is that appellant was operating a motor vehicle in a public place, while intoxicated, and caused the death of another by accident or mistake.[4] The indictment, as altered, clearly alleges these elements by stating that appellant "operate[d] a motor vehicle in a public place while intoxicated, and did by reason of such intoxication cause the death of another ... through accident or mistake, namely: by driving his vehicle into the oncom-

---

1. *See* Tex.Code Crim. Proc. Ann. art. 28.10(a) (Vernon 2006).

2. *Eastep v. State*, 941 S.W.2d 130, 132–35 (Tex.Crim.App.1997) (recognizing three situations where an alteration to the face of a charging instrument does not affect its substance, and, is therefore, an abandonment: (1) when it abandons of one or more of the alternative means of committing an offense; (2) when it has the effect of reducing the prosecution to a lesser included offense; and (3) when it omits surplusage), *overruled on other grounds in part by Gollihar v. State*, 46 S.W.3d 243, 256–57 (Tex.Crim.App.2001), *and Riney v. State*, 28 S.W.3d 561, 565–66 (Tex.Crim.App.2000); *see, e.g., Hall v. State*, 62 S.W.3d 918, 920 (Tex.App.-Dallas 2001, pet. ref'd); *Moore v. State*, 54 S.W.3d 529, 546–47 (Tex.App.-Fort Worth 2001, pet. ref'd) (both recognizing the *Eastep* factors in determining whether an alteration constituted an amendment or an abandonment).

3. Tex. Penal Code Ann. § 49.08(a) (Vernon 2006).

4. *See Duron v. State*, 956 S.W.2d 547, 553 (Tex.Crim.App.1997) (stating that when an indictment contains the essential elements of the offense, and it charges a defendant with that offense, it is constitutionally valid); *see also* Tex. Const. arts. I, § 10 & V, § 12(b) (providing that an indictment must charge a person with an offense); *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974) (holding that an indictment is constitutionally sufficient if it (1) contains the elements of the offense charged, (2) fairly informs the defendant of the charge against him which he must defend, and (3) enables the defendant to plead an acquittal or a conviction in bar of future prosecution for the same offense).

ing traffic lane and striking the vehicle in which ... Hinojosa was driving." Thus, the phrase "at a high rate of speed" is not an element of the offense of intoxication manslaughter and the offense could be proven without it. It was, therefore, surplusage.[5]

Appellant asserts, however, that the change in the indictment "went to the heart of the 'manner and means' portion" of the single count indictment and that it reduced the facts alleged in violation of the holding in *Brasfield v. State*[6] that changes to the facts alleged in an indictment render the indictment fundamentally deficient.[7] Appellant's reliance on *Brasfield* is misplaced.

The *Brasfield* court held that the omission of the name of a kidnap victim in an indictment is a defect in the substance of the indictment that cannot be added later[8] because it affects a defendant's notice of the crime charged, and "the right to indictment by a grand jury ... and the right to notice ride in tandem."[9]

*Brasfield*, however, was expressly overruled by the court of criminal appeals in *Janecka v. State*.[10] The *Janecka* court held that an indictment contain-

ing all essential elements of the offense is not fundamentally defective, even if such an indictment is missing additional factual allegations necessary to give the defendant adequate notice of the charged offense.[11] The omission is a defect of form, not substance.[12]

This case is distinguishable from *Janecka* and *Brasfield*. Here, the State did not omit, abandon, or amend an essential element of the offense charged. Rather, the indictment alleged more than was necessary to charge the offense of intoxication manslaughter. The State simply deleted unnecessary language.[13]

Appellant correctly pointed out at trial that Texas law no longer speaks in terms of surplusage but, rather, of variance. But this change applies only in a sufficiency analysis. The surplusage doctrine still lives in examining the material elements that the State must prove.[14]

Appellant argues that "at a high rate of speed" is essential to a proper indictment because it constitutes the manner and means of committing the offense. Appellant correctly asserts that he was entitled to timely notice of the manner and means

5. See *Eastep*, 941 S.W.2d at 134 (stating that surplusage is unnecessary language not legally essential to constitute the offense alleged in the charging instrument) (citing *Collins v. State*, 500 S.W.2d 168, 169 (Tex.Crim.App. 1973)).

6. 600 S.W.2d 288, 302 (Tex.Crim.App.1980).

7. See *id.*

8. *Id.* We note that the court in *Brasfield* examined a prior version of article 28.10, which provided that "[n]o matter of substance can be amended" after trial begins. See Act of June 18, 1965, 59th Leg., R.S., ch. 722, 1965 Tex. Gen. Laws 317, 434, *amended by* Act of June 13, 1985, 69th Leg., R.S., ch. 577, 1985 Tex. Gen. Laws 2196, 2197.

9. *Brasfield*, 600 S.W.2d at 301–02. The *Brasfield* court did recognize, however, that a "unique exception" to the prohibition against substantive amendments to indictments exists when a party seeks to strike surplusage, i.e., that which "need not be proven in any event." *Id.* at 302 n. 2.

10. 739 S.W.2d 813, 819 (Tex.Crim.App.1987).

11. *Id.*

12. *Id.* at 820.

13. Cf. *Curry v. State*, 30 S.W.3d 394, 398–99 (Tex.Crim.App.2000) (holding that when an indictment tracks the elements of an offense, it is generally sufficient to provide notice).

14. See *Gollihar*, 46 S.W.3d at 254–58.

by which he committed the offense alleged.[15]

In this case, the indictment does describe a manner and means, but the manner and means is divisible: "driving his vehicle at a high rate of speed into the oncoming traffic lane and striking the vehicle in which Arnoldo Hinojosa was driving...." Omitting the language "at a high rate of speed" does not change the nature of the manner and means: driving his vehicle into the oncoming traffic lane. The indictment also alleges "striking the vehicle in which Arnoldo Hinojosa was driving," which is a second act that satisfies the manner and means notice requirement.

When the State in this case deleted the phrase "at a high rate of speed," it did not delete an essential element of the offense or a statutory alternative manner and means.[16] Rather, the State deleted language that was not necessary to providing notice of the manner and means pleaded in the indictment. Therefore, the requirements of article 28.10(a) were not triggered, and the trial court did not err by denying appellant's request for a ten-day continuance. We overrule appellant's sole issue.

Having overruled appellant's sole issue, we affirm the trial court's judgment.

---

15. *See* TEX.CODE CRIM. PROC. ANN. art. 21.15 (Vernon 1989); *see also Reed v. State,* 117 S.W.3d 260, 265 (Tex.Crim.App.2003).

16. *See Gollihar,* 46 S.W.3d at 254; *Curry,* 30 S.W.3d at 403.