**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-09-00354-CR**
_____

**BRIAN KEITH BALENTINE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 359th District Court**
**Montgomery County, Texas**
**Trial Cause No. 08-05-04682 CR**

**OPINION**

On original submission, this Court affirmed Brian Keith Balentine's conviction for robbery. In addressing one of the issues, we held that the deletion of a phrase in the indictment at trial was permissible. *See Balentine v. State*, No. 09-09-00354-CR, 2011 WL 2732146 (Tex. App.—Beaumont July 13, 2011), *rev'd by Balentine v. State*, No. PD-1102-11, 2012 WL 4044895 (Tex. Crim. App. Sept. 12, 2012) (unpublished opinion). On petition for review from our decision, the Court of Criminal Appeals held that the phrase was not an alternate manner and means

1

averment. *Balentine*, 2012 WL 4044895, at *2. The Court reversed our judgment, and remanded the case for this Court's consideration of "whether the phrase was permissibly abandoned on any other theory." *See id*.

We conclude that the phrase was needlessly pleaded and, under the circumstances presented, the unnecessary language could be abandoned by the State. The defendant received sufficient notice of the offense charged and was not surprised or misled. The deletion was not material and did not prejudice the defendant's substantial rights. We therefore affirm the judgment of the trial court.

## THE APPELLANT'S ARGUMENT

The focus of the offense of robbery is the assaultive conduct against the victim. *Jones v. State*, 323 S.W.3d 885, 889 (Tex. Crim. App. 2010) (citing *Ex parte Hawkins*, 6 S.W.3d 554, 559-60 (Tex. Crim. App. 1999)). The robbery indictment in this case initially read as follows: Brian Keith Balentine "did then and there, while in the course of committing theft of property and with intent to obtain or maintain control of said property, intentionally, knowingly, or recklessly cause bodily injury to Robert Rhodes, by resisting arrest by Robert Rhodes and causing Robert Rhodes hand to be sprained during the resisting." During trial, the State sought to delete the phrase "and causing Robert Rhodes['s] hand to be sprained during the resisting," and Balentine objected. The trial court permitted the

2

deletion. Balentine argues the deletion of the hand-sprain language "deprived him of proper notice of the cause of the accusation against him."

The Sixth Amendment provides in part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation . . . ." U.S. Const. amend. VI. The Texas Constitution has a similar provision. *See* Tex. Const. art. I, § 10. Notice of the nature of the accusation must be given with sufficient clarity and detail to enable the defendant to anticipate the State's evidence and prepare a defense. *See State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004).

Balentine argues the deletion from the indictment was an amendment, not an abandonment. An amendment to an indictment affects the indictment's substance. *Eastep v. State*, 941 S.W.2d 130, 132 (Tex. Crim. App. 1997), *overruled in part on other grounds by Riney v. State*, 28 S.W.3d 561, 566 (Tex. Crim. App. 2000), *and overruled in part by Gollihar v. State*, 46 S.W.3d 243, 256-57 (Tex. Crim. App. 2001). Article 28.10(c) of the Code of Criminal Procedure provides that after trial begins, "[a]n indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of

3

the defendant are prejudiced." Tex. Code Crim. Proc. Ann. art. 28.10(c) (West 2006).

Rather than a substantive alteration, an abandonment is the deletion of unnecessary language from the indictment. *See Curry v. State*, 30 S.W.3d 394, 399 (Tex. Crim. App. 2000) ("unnecessary language that need not be proved") (citing *Eastep*, 941 S.W.2d at 135). If the change is an abandonment of unnecessary language, the requirements of article 28.10 of the Code of Criminal Procedure do not apply. *Eastep*, 941 S.W.2d at 133, 136.

ANALYSIS

Though exceptions exist, generally an indictment that tracks the statutory language defining the criminal offense satisfies constitutional and statutory notice requirements. *State v. Mays*, 967 S.W.2d 404, 406 (Tex. Crim. App. 1998) ("[s]ubject to rare exceptions . . . ."). When recklessness is charged, article 21.15 requires that the charging instrument include an allegation, with reasonable certainty, of the act or acts relied upon to constitute recklessness. *See* Tex. Code of Crim. Proc. Ann. art. 21.15 (West 2009); *Smith v. State*, 309 S.W.3d 10, 14 (Tex. Crim. App. 2010).

Balentine relies on *Garza v. State*, 50 S.W.3d 559, 563 (Tex. App.—Houston [1st Dist.] 2001, no pet.). In *Garza*, the defendant was charged with

4

recklessly discharging a firearm into the ground in a crowd of people. *Id.* at 561. The trial court allowed the prosecutor to delete the words "in a crowd of people" shortly before jury selection. *Id.* at 562. The court of appeals held that the deletion was an improper amendment, not a permissible abandonment, because "the deletion did not merely drop an *alternative* reckless act: it created a *different* reckless act." *Id.* at 564.

In Balentine's case, the hand-sprain deletion was a description of the result of the alleged reckless act, not the act itself. The reckless act was described as "resisting arrest." Deletion of the phrase "and causing Robert Rhodes hand to be sprained during the resisting" did not change the nature of the manner and means ("by resisting arrest"). *See Fuller v. State*, 73 S.W.3d 250, 254 (Tex. Crim. App. 2002); *Auldridge v. State*, 228 S.W.3d 258, 262 (Tex. App.—Fort Worth 2007, pet. ref'd). Unlike *Garza*, the deletion did not result in the pleading of a different reckless act at trial.

Balentine argues this case is like *Curry v. State* because, he says, the phrase deleted is descriptive of the bodily injury element, and the deletion lessens the State's burden of proof. *See Curry*, 30 S.W.3d 394. In *Curry*, the phrase deleted "was not merely descriptive of an element of the offense; it was a manner or means of committing an element of the offense." *Id.* at 403. As the Court in *Curry* also

5

noted, under a standard abandonment, the State limits its theories at trial. *Id*. at 398. While the State did not limit itself by the deletion in Balentine's case, it did not expand the reckless acts described either. Nonetheless, Balentine's position appears to be that, as in *Curry*, the deletion essentially broadened the scope of the offense alleged and lessened the State's burden of proof. *See id.*

*Curry* cited *Burrell v. State*, which noted that "allegations 'not essential to constitute the offense, and which might be entirely omitted without affecting the charge against the defendant, and without detriment to the indictment are treated as mere surplusage, and may be entirely disregarded.'" *Curry*, 30 S.W.3d at 399 (quoting *Burrell v. State*, 526 S.W.2d 799, 802 (Tex. Crim. App. 1975)). In *Burrell*, the Court of Criminal Appeals stated an exception to this general surplusage rule, and held that when an indictment describes a necessary person, place, or thing with unnecessary particularity, the State must prove all circumstances of the description. *Burrell*, 526 S.W.2d at 802-03. In effect, under the *Burrell* exception, where an unessential allegation of this nature was made, it was not to be rejected as surplusage.

In *Gollihar v. State*, the Court of Criminal Appeals overruled *Burrell* and the *Burrell* exception in the context of a claim of variance between the indictment and the proof at trial and insufficiency of the evidence. *See Gollihar*, 46 S.W.3d at 246,

6

256-57. The test for variance is whether the questioned language is material, rather than whether it is surplusage. *Id*. at 257 & n.21; *compare Auldridge*, 228 S.W.3d at 261 ("But this change applies only in a sufficiency analysis."). As part of the analysis, a court determines whether the indictment, as written, informs the defendant of the charge against him sufficiently to allow him to prepare an adequate defense at trial, and whether prosecution under a deficiently drafted indictment will subject the defendant to the risk of being prosecuted later for the same crime. *Gollihar*, 46 S.W.3d at 257.

Balentine does not argue that the deletion would subject him to being prosecuted later for the same crime. He focuses on the notice requirement. *See id*. at 257 n.24. In order to determine whether the indictment provides adequate notice, a court first identifies the offense elements, which include the forbidden conduct, any required culpability, any required result, and the negation of any exception to the offense. *State v. Barbernell*, 257 S.W.3d 248, 255 (Tex. Crim. App. 2008); Tex. Penal Code Ann. § 1.07(a)(22) (West Supp. 2012). The indictment tracked the statute, and gave notice that Balentine caused bodily injury and that he caused injury to the officer by the act of resisting arrest. *See generally Mata v. State*, 632 S.W.2d 355, 356 (Tex. Crim. App. 1982) (An indictment for aggravated assault that did not identify the specific part of the body injured was not fundamentally

7

defective.). The deleted phrase was not essential to notify Balentine of the offense with which he was charged. *See generally Alston v. State*, 175 S.W.3d 853, 854-55 (Tex. App.—Waco 2005, no pet.) (abandonment).

But, as Balentine notes, the deleted phrase is a specific description of a bodily injury, and the offense of robbery, as pleaded here, contains the element of bodily injury. He asserts that defense counsel was prepared at trial to show there was no "sprained hand," and he contends the State sought to delete from the indictment what it could not prove.

When the State requested permission to delete the language, Balentine objected, although counsel noted he "was aware of it[.]" Explaining his objection, defense counsel stated:

> But it tells us where he was injured. Now, it's just bodily injury. Where? Did he hurt his arm? His leg? His hand?

The State responded:

> Judge, I can represent to the Court that the evidence in this case hasn't changed. The injury that we're referring to is the injury to Robert Rhodes's hand. The defendant cannot complain of any notice problem with this indictment. And that would be the only valid objection that he could have and I don't see that.

Defense Counsel responded:

> I don't know if I see that I have a valid objection. But anyways, Judge, I just wanted to get that on the record.

8

The injuries sustained by Rhodes were a bruise on his palm, a sore thumb, and scratches on his hand. The evidence of injury at trial was as follows:

Q. [State's Counsel]: Tell the jury how you were injured. Describe what happened?

A. [Rhodes]: It was my right hand. Like the interior, inside of my hand it was bruised. My thumb had gotten pulled back.

Q. Was it your hand scratched up or anything like that?

A. If I remember correctly, there was two scratches on my hand.

Q. Do you remember where?

A. One was on the back of the hand, and one was on the front.

Q. Now, you mentioned your thumb got hurt. Was your hand -- let me think of a better way to phrase this. Did it hurt for any amount of time or anything like that?

A. About three or four days, sir.

Q. So, did you feel actual physical pain --

A. Yes, sir.

Q. -- during this time?

A. Yes, sir.

Q. What did you do with your hand when you got back to the office?

A. I remember shaking it and holding onto it because it was hurting.

Q. Did you clean it or anything like that?

A. There was antibacterial type of lotion to try to clean the cuts out with a hand sanitizer.

Q. Do you remember exactly how your thumb got hurt?

A. No, sir, I don't. I just remember it hurt like heck.

Q. But it was -- did it happen --

A. During the struggle.

Q. During that struggle?

A. Yes, sir.

Q. The injury to the hand, did that affect how you did your job for the next few days?

A. I wouldn't have been able to really utilize the hand to stop anybody.

9

The testimony did not identify a part of the body different from that referred to in the deleted phrase. Although the evidence establishes the injury was to the victim's hand, as the indictment originally alleged, the record contains no medical diagnosis of a sprain. The difference concerns the degree or character of the injury to the hand: bruising, cuts, and soreness rather than a sprain.

In *Lane v. State*, while discussing the definition of "bodily injury" in determining the sufficiency of the evidence to establish the offense of robbery, the Court of Criminal Appeals stated that although the injury may be minor, but yet beyond "mere offensive touching," the definition does not require consideration of "fine distinctions as to the degree or character of the physical force exerted." 763 S.W.2d 785, 786-87 (Tex. Crim. App. 1989). The Court explained as follows, in part:

> "Bodily injury" is defined as "physical pain, illness, or any impairment of physical condition." This definition appears to be purposefully broad and seems to encompass even relatively minor physical contacts so long as they constitute more than mere offensive touching. In fact, the degree of injury sustained by a victim and the "type of violence" utilized by an accused appear to be of no moment, contrary to the court of appeals opinion here. We have previously held the evidence sufficient to establish the element of bodily injury when a complainant testified she suffered physical pain when the defendant grabbed her briefcase and twisted her arm back, causing her to sustain a small bruise during the struggle.
> . . . .
> We conclude that so long as the "violence" is clearly perpetrated against another "for the purpose of . . . preventing or

10

> overcoming resistance to theft," it does not serve the legislative intent to engage in fine distinctions as to degree or character of the physical force exerted.

*Id*. (footnotes omitted). Considering the definition of "bodily injury" and the record, we conclude that the "degree or character" of the injury to the hand is of "no moment" in this case. *See id*. at 786.

We conclude the indictment informed the defendant of the charge against him sufficiently to allow him to prepare an adequate defense. *Gollihar*, 46 S.W.3d at 257; *Lord v. State*, 63 S.W.3d 87, 92 (Tex. App.—Corpus Christi 2001, no pet.). Balentine could not have been surprised that the victim testified his hand was injured, because that is what the original indictment alleged. Although the nature of the hand injury was bruising, cuts, and soreness, the injury involved the same body part as that alleged by the language deleted at trial. The State did not attempt to broaden the scope of the offense; the deletion did not result in Balentine being charged with an additional or different offense. Whether a sore thumb, bruises, and scratches to the hand or a true sprain to the hand resulted from the struggle is immaterial to the offense of robbery for which Balentine was charged.

We hold that the deletion of the unnecessarily pleaded language was not material, did not prejudice defendant's substantial rights, and was a permissible

11

abandonment. Having overruled the only issue presented for consideration on remand of the case to this Court, we affirm the judgment of the trial court.

AFFIRMED.

_____
DAVID GAULTNEY
Justice

Submitted on November 5, 2012
Opinion Delivered February 20, 2013
Publish

Before McKeithen, C.J., Gaultney and Kreger, JJ.

12