In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-17-00331-CR
_____

MICHAL LYNN DAVIS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 163rd District Court
Orange County, Texas
Trial Cause No. B160374-R

**MEMORANDUM OPINION**

In one issue on appeal, Michal Lynn Davis complains that the trial court erred by denying his motion to quash the indictment because the indictment failed to provide him with sufficient notice of the charge against him. We affirm the trial court's judgment.

BACKGROUND

A grand jury indicted Davis for intoxication manslaughter. *See* Tex. Penal Code Ann. § 49.08(a) (West 2011). A person commits the offense of intoxication

manslaughter if the person (1) operates a motor vehicle in a public place; (2) is intoxicated; and (3) by reason of that intoxication causes the death of another by accident or mistake. *Id.*; *Auldridge v. State*, 228 S.W.3d 258, 260 (Tex. App.—Fort Worth 2007, pet. ref'd). Here, the indictment, which directly tracks the language of the statute, alleges that Davis

> did then and there operate a motor vehicle in a public place while intoxicated and did by reason of such intoxication cause the death of another, namely, Jerry Campbell, by accident or mistake, to wit: by failing to control the speed and direction of the motor vehicle he was operating and by driving the said motor vehicle off the roadway and hitting the said Jerry Campbell against the peace and dignity of the State.

*See* Tex. Penal Code Ann. § 49.08(a).

Davis filed a motion to quash the indictment, arguing that the indictment did not fairly inform him of the charge against which he was required to defend, because the indictment failed to allege the manner and means of how he was intoxicated and failed to adequately allege a causal connection to the victim's death. The trial court denied Davis's motion to quash. Davis pleaded guilty to intoxication manslaughter, and a jury assessed Davis's punishment at twenty years of confinement and a $10,000 fine.

2

ANALYSIS

In his sole issue, Davis complains that the indictment failed to provide him with sufficient notice because it omitted an essential element of the offense, namely the manner and means of how Davis was intoxicated as well as the manner and means to make the causal connection between the intoxication and the use of Davis's vehicle and the death of the victim. According to Davis, the specific result nature of the offense of intoxication manslaughter mandates a more specific manner and means than those set forth in his indictment.

Because the sufficiency of a charging instrument is a question of law, we review a trial court's ruling on a motion to quash a charging instrument for failure to provide adequate notice *de novo*. *State v. Barbernell*, 257 S.W.3d 248, 251-52 (Tex. Crim. App. 2008); *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). To meet the accused's right to notice under both the United States and Texas Constitutions, the indictment "must be specific enough to inform the accused of the nature of the accusation against him so that he may prepare a defense." *Moff*, 154 S.W.3d at 601. Article 21.02 of the Texas Code of Criminal Procedure sets forth requirements for an indictment and specifically provides that the "offense must be set forth in plain and intelligible words." Tex. Code Crim. Proc. Ann. art. 21.02(7) (West 2009). Article 21.03 provides that "[e]verything should be stated in an

indictment which is necessary to be proved." *Id.* art. 21.03 (West 2009). Article 21.04 provides that "[t]he certainty required in an indictment is such as will enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense." *Id.* art. 21.04 (West 2009). The trial court should grant a motion to quash "only where the language concerning the defendant's conduct is so vague or indefinite as to deny the defendant effective notice of the acts he allegedly committed." *DeVaughn v. State*, 749 S.W.2d 62, 67 (Tex. Crim. App. 1988).

An indictment that tracks the statutory language generally satisfies the constitutional and statutory requirements, and the State need not allege facts that are merely evidentiary in nature. *State v. Mays,* 967 S.W.2d 404, 406 (Tex. Crim. App. 1998). Because the definitions of "intoxicated" are purely evidentiary matters and not elements of the offense, they need not be alleged to give a defendant sufficient notice. *State v. Jarreau*, 512 S.W.3d 352, 354 (Tex. Crim. App. 2017); *Barbernell*, 257 S.W.3d at 254-55. The language of the indictment also alleges that there was a causal connection between Davis's intoxication and the victim's death. *See Garcia v. State*, 112 S.W.3d 839, 852 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (stating that the death must be the result of the defendant's intoxication). The indictment alleges that due to Davis's intoxication, Davis failed to control the speed

and direction of his motor vehicle, which caused Davis to leave the roadway and hit and kill the victim.

We conclude that the indictment is sufficient to notify Davis of the charges against him and to allow him to prepare a defense. *See Jarreau*, 512 S.W.3d at 354; *Mays*, 967 S.W.2d at 406; *Auldridge*, 228 S.W.3d at 260-62. Accordingly, we further conclude that the trial court did not err by denying Davis's motion to quash. We overrule Davis's sole issue and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on October 9, 2018
Opinion Delivered January 16, 2019
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.

5