

# NUMBER 13-17-00468-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JESUS CHRISTOPHER GARCIA,                               **Appellant,**

**v.**

THE STATE OF TEXAS,                                        **Appellee.**

### On appeal from the 24th District Court
### of Victoria County, Texas.

# MEMORANDUM OPINION
### Before Justices Benavides, Longoria, and Hinojosa
### Memorandum Opinion by Justice Benavides

Appellant Jesus Christopher Garcia was convicted of driving while intoxicated with a child passenger, a state jail felony. *See* TEX. PENAL CODE ANN. § 49.045 (West, Westlaw through 2017 1st C.S.). By a single issue, Garcia challenges his conviction on the ground that the trial court erred by allowing the State (appellee) to change the indictment on the eve of trial which deprived him of constitutionally required notice. We

affirm.

## I.   BACKGROUND

Garcia was traveling to Corpus Christi with his wife and her son the morning of July 1, 2016.   He was stopped by a Department of Public Safety (DPS) Trooper because his temporary license plate was "flapping" and not readable at the required distance; his tail light was out; he failed to drive in a single lane; and he was driving in the left lane when not passing.   During the traffic stop, Trooper Jason Vinson noticed that Garcia's speech was slow and slurred, and he had trouble finding words.   The trooper suspected that Garcia was intoxicated and administered standardized field sobriety tests.   Garcia stated that he had taken prescribed medication the night before, a long-acting form of hydrocodone.   Trooper Vinson requested that a drug recognition expert (DRE), Trooper Natee Wong, come to the scene and administer additional field sobriety tests.

Trooper Wong further questioned Garcia who admitted that he smoked marijuana about an hour before he and his family began their trip.   Trooper Wong's testing found Garcia had both vertical and horizontal gaze nystagmus, Garcia failed the one leg stand, the walk and turn, the Rhomberg test, and the finger count test.   Garcia was arrested for driving while intoxicated with a child passenger.   The child in the back seat was fourteen years old.

Garcia was indicted in January 2017.   At a bond hearing on May 31, 2017, a copy of Trooper Vinson's report was admitted as an exhibit.   The report reflected that Garcia's blood was taken for testing, that the arresting trooper did not smell alcohol on Garcia, and Garcia admitted to taking medication.   The report stated that Trooper Jason Vinson

2

"determined [Garcia] was intoxicated by reason of introduction of controlled substance into the body. [He] did not have the normal use of his mental or physical faculties."

On July 17, 2017, the morning of trial, and before voir dire, the State abandoned a portion of the indictment that included intoxication by reason of alcohol. The original indictment read as follows, with the language the State abandoned underlined below:

> IN THE NAME OF AND BY THE AUTHORITY OF THE STATE OF TEXAS, THE GRAND JURY . . . JESUS CHRISTOPHER GARCIA . . . did then and there operate a motor vehicle in a public place while the said defendant was intoxicated by reason of the introduction of alcohol into the body, and said vehicle was occupied by a passenger who was then and there younger than 15 years of age . . . .

Defense counsel objected, "We [were] put on notice for a certain defense, intoxication by reason of alcohol, and prepared our – our case with said defense in mind." The trial court overruled the objection.[1] After jury selection, the trial was continued until July 20, 2017.

The evidence at trial consisted of the testimony of both troopers, a forensic scientist, and a clinical pharmacist. The forensic scientist discussed Garcia's blood tests which revealed concentrations of marijuana and hydrocodone. The dose of hydrocodone was within therapeutic levels. According to the forensic scientist, the concentration of marijuana metabolites in Garcia's blood suggested that Garcia was a habitual marijuana smoker. The clinical pharmacist testified that marijuana and hydrocodone have synergistic effects which increase the depressant effects of each.

Garcia presented his family doctor's testimony that she prescribed the long-acting

---

[1] The trial court stated, "There's a certain amount of case law . . . that discusses how the State can prove the element of intoxication and also that it does not have to be alleged in the indictment. Therefore, your objection is overruled."

3

form of hydrocodone to Garcia for diabetic nerve pain, along with other medication. Garcia's wife testified that Garcia was not impaired that day.

The jury found Garcia guilty and sentenced him to two years' imprisonment in a state jail facility and to a fine of $5,000. Garcia's counsel filed a motion for new trial challenging the sufficiency of the evidence. The motion was denied by operation of law. This appeal ensued.

## II. THE INDICTMENT

Garcia's sole issue alleges that the State's withdrawal of the allegation of alcohol intoxication from the indictment deprived him of his constitutional right to notice pursuant to the Sixth Amendment and pursuant to Article I, Section 10 of the Texas Constitution. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10.

### A. Applicable Law and Standard of Review

The Texas and United States Constitutions grant a criminal defendant the right to fair notice of the specific charged offense. U.S. CONST. amend. VI; TEX. CONST. art. 1, § 10; TEX. CONST. art. V, § 12b. Whether an indictment is sufficient presents a question of law that we review de novo. *State v. Zuniga*, 512 S.W.3d 902, 906 (Tex. Crim. App. 2017); *State v. Barbernell*, 257 S.W.3d 248, 251–52 (Tex. Crim. App. 2008); *see also State v. Zuniga*, No. 13-14-00316-CR, — S.W.3d —, 2018 WL 4624270, at *3 (Tex. App.—Corpus Christi Sept. 27, 2018, pet. ref'd).

To determine whether an indictment provides sufficient notice, we are required to identify the elements of the offense and whether the statutory language is sufficiently descriptive of the charged offense. *Zuniga*, 512 S.W.3d at 907. An indictment must be

specific enough to inform a defendant of the nature of the accusation against him so that he can prepare a defense. *State v. Jarreau*, 512 S.W.3d 352, 354–55 (Tex. Crim. App. 2017); *State v. Mott*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004).

"Not every change to the face of an indictment is an amendment. In some instances, [the] change is merely an abandonment." *Mayfield v. State*, 117 S.W.3d 475, 476, (Tex. App.—Texarkana 2003, pet ref'd). An abandonment may delete surplusage that does not change the substance of the indictment and therefore does not implicate article 28.10. *Balentine v. State*, 474 S.W.3d 682, 684–85 (Tex. Crim. App. 2013) (discussing TEX. CODE CRIM. PROC. ANN. art 28.10 (West, Westlaw through 2017 1st C.S.).

## B.      Discussion

The elements of driving while intoxicated with a child passenger are: 1) a person, 2) is intoxicated, 3) while operating a motor vehicle, 4) in a public place, and 5) has a passenger "who is younger than 15 years of age." TEX. PENAL CODE ANN. § 49.045. According to the *Barbernell* court, although intoxication is an element of the offense, the manner of proof does not constitute different manners or means of commission. 257 S.W.3d at 256. Furthermore, the type of intoxicant is not an element of the offense. *Id.* at 254 (citing *Gray v. State*, 152 S.W.3d 125, 132 (Tex. Crim. App. 2004); *Balentine*, 474 S.W.3d at 685 ("Rather than a substantive alteration, an abandonment is the deletion of unnecessary language from the indictment."). Here, the indictment alleged each of the elements of the offense, even after the trial court allowed the State to strike the language regarding alcohol from the indictment.

5

In *Gray*, the indictment charged driving while intoxicated due to alcohol consumption. 152 S.W.3d at 126. The trial evidence showed that Gray was also taking an antidepressant. The jury was instructed that it could find Gray was intoxicated if the drugs made him more susceptible to the influence of alcohol. *Id.* The *Gray* court held that the jury charge was proper and did not expand on the allegations in the charging instrument. *Id.* at 133.

Garcia relies on *Saathof v. State* and *Ferguson v. State* to support his claim that the definition of intoxication was an element of the offense which must be alleged in the indictment to provide sufficient notice. 891 S.W.3d 264, 267 (Tex. Crim. App. 1994); 622 S.W.2d 846 (Tex. Crim. App. 1981). However, *Saathof*, which relied on *Carter v. State*, 810 S.W.2d 197 (Tex. Crim. App. 1991), was overruled by *Barbernell*, 257 S.W.3d at 254–55 (holding that the definitions of intoxication in section 49.01(2) are "purely evidentiary" and do not need to be alleged in a charging instrument to provide adequate notice). "*Saathoff*, therefore, has no precedential value on this point." *Jarreau*, 512 S.W.3d at 355.

*Ferguson* was a drug case in which the indictment was challenged for failing to state the manner or means of the alleged delivery of the controlled substance. 622 S.W.2d at 848. Delivery may occur through actual transfer, constructive transfer, or an offer to sell. *Id.* The *Barbernell* court recognized that when "the prohibited conduct is statutorily defined to include more than one manner or means of commission, the State must, upon timely request, allege the particular manner or means it seeks to establish." 257 S.W.3d at 251. However, in *Barbernell*, the court of criminal appeals described the

6

State's proof of intoxication using the statutory definitions as purely evidentiary. *Id.* at 256 (holding that "[t]he conduct proscribed by the Penal Code is the act of driving while in a state of intoxication. . . . [T]he definitions of 'intoxicated' are purely evidentiary matters; therefore, they do not need to be alleged in a charging instrument to provide a defendant with sufficient notice.") (internal citations omitted).

Garcia also relies on *State v. Mays*, 967 S.W.2d 404 (Tex. Crim. App. 1998), and *Oluerbi v. State*, 870 S.W.2d 58 (Tex. Crim. App. 1994). In *Mays,* the State appealed after the trial court quashed an indictment for barratry that tracked the statutory language. The court of criminal appeals held that the indictment should not have been quashed because the statutory definition of "solicit employment" in the penal code provided constitutionally sufficient notice. *Id.* at 408–09. *Oluerbi* involved credit card abuse. 870 S.W.2d at 59. The court of criminal appeals held that because the indictment charged use of a "fictitious" credit card, a term not defined by statute, the indictment did not provide sufficient notice in the face of a motion to quash. *Id.* at 62.

Here, the indictment alleged the elements of the offense and the statute defines intoxication. *See* TEX. PENAL CODE ANN. § 49.01(2) (West, Westlaw through 2017 1st C.S.).[2] The indictment as modified provided constitutionally adequate notice. *See Barbernell.* 257 S.W.3d at 254–55.

---

[2] (2) "Intoxicated" means:

> (A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body; or
> (B) having an alcohol concentration of 0.08 or more.

TEX. PENAL CODE ANN. § 49.01(2) (West, Westlaw through 2017 1st C.S.).

We overrule Garcia's single issue.

### III.    CONCLUSION

We affirm the judgment of the trial court.


GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
21st day of March, 2019.

8