

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-18-00367-CR
No. 07-18-00368-CR
No. 07-18-00369-CR

_____

ALFONSO ARAGON, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the Criminal District Court Number Four
Tarrant County, Texas
Trial Court Nos. 1527044D, 1527046D, & 1527047D; Honorable Everett Young, Presiding

June 18, 2019

MEMORANDUM OPINION

Before CAMPBELL, PIRTLE and PARKER, JJ.

Following pleas of not guilty, Appellant, Alfonso Aragon, Jr., was convicted by a jury of three separate offenses, each enhanced by two prior felonies, as follows:

| No. 1527044D | Unlawful possession of a firearm | TEX. PENAL CODE ANN. § 46.04(a)(2), (e) (West 2011) (third degree felony) | Forty-seven years after enhancement under § 12.42(d) (West 2019) |
|---|---|---|---|
| No. 1527046D | Possession of four grams or more but less than 200 of methamphetamine | TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (d) (West 2017) (second degree felony) | Forty-seven years after enhancement under § 12.42(d) (West 2019) |
| No. 1527047D | Possession of less than one gram of cocaine | TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (West 2017) (state jail felony)[1] | Twenty years and a $10,000 fine after enhancement to a second degree felony under § 12.425(b) (West 2019) |

The sentences were ordered to run concurrently. By a sole issue, he contends the trial court erred when it allowed the State to amend its indictments after the punishment hearing had commenced.[2] We affirm.

### BACKGROUND

On January 6, 2018, a gentleman observed a suspicious vehicle parked outside his business for several hours. He called the police department's non-emergency number to report the vehicle and then left the premises. When officers arrived at the scene, they observed an individual, later identified as Appellant, asleep in the vehicle holding a bag of what appeared to be marihuana. The officers awakened Appellant and conducted a search of the vehicle. Drugs and drug paraphernalia were found inside the vehicle.

---

[1] The judgment in this cause incorrectly reflects the degree of the offense as a second degree felony which is the punishment range for the state jail offense after punishment is enhanced by two prior final felony convictions. This opinion will reflect a correction.

[2] Originally appealed to the Second Court of Appeals, these appeals were transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001 (West 2013). Should a conflict exist between precedent of the Second Court of Appeals and this court on any relevant issue, these appeals will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

Specifically, underneath the driver's side seat, the police found a large bag of methamphetamine and a loaded revolver. Possession of the revolver was unlawful due to Appellant's 2017 felony conviction—i.e., he possessed a firearm at a location other than his home before the fifth anniversary of his release from confinement. Appellant was charged with unlawful possession of a firearm, possession of methamphetamine in an amount of four grams or more but less than 200 grams, and possession of less than one gram of cocaine. Each indictment further alleged that Appellant had previously been convicted of two felony offenses: (1) Cause No. CR11-0101, 12th District Court, Parker County, Texas, possession of a controlled substance, to-wit: methamphetamine, over 4 grams, but less than 200 grams, and (2) Cause No. 15451B, 104th District Court, Taylor County, Texas, possession of a controlled substance, to-wit: amphetamine, over 4 grams, but less than 200 grams.

Appellant did not testify at trial. However, his defensive theory was that he did not own the vehicle in which he was found. He had accepted a ride from the vehicle's driver, and they had used marihuana together, after which he fell asleep. Appellant maintained he was unaware of the contraband and firearm found in the vehicle. Despite his version of the events, Appellant was convicted of all three offenses.

After the trial court accepted the jury's verdicts resulting from the guilt/innocence phase, the prosecutor began reading the enhancement provisions of the three indictments. In Cause Number 1527044D, unlawful possession of a firearm, the prosecutor recited the habitual offender notice by reading aloud that "prior to the *state jail felony offenses* set out above," Appellant had two prior final felony convictions.

3

(Emphasis added).  Appellant entered a plea of true to the two prior felony convictions described in the indictment.

As the prosecutor was reading the next indictment's enhancement provision, she stopped and noted to the trial court that she needed "to strike [state jail felony offense] because that's confusing.  We need to say prior to the offenses set out above instead of State jail because it's not a State jail."  The prosecutor continued as follows:

> So it says habitual offender notice, and then it has where there are two enhancements.  It just has the surplusage language as the commission of the State jail felony offenses, which [unlawful possession of a firearm] is not.  So we would just urge to strike that for purposes of the charge later.

Defense counsel responded, "I don't know whether I should object for purposes of objecting because I should."  The prosecutor answered, "I believe it's the State's indictment.  I believe I can strike surplusage."  The phrase "State jail" was crossed out in the habitual offender notices of the indictments in Cause Numbers 1527044D and 1527046D and the trial court permitted the prosecutor to continue reading the enhancement provisions "as intended" rather than as written.  Appellant again entered a plea of true to the two prior felony convictions described in the indictment.

In the final indictment, Cause Number 1527047D, the written indictment was altered to delete "Habitual Offender Notice" and the phrase "State Jail Felony Enhancement—2nd Degree Felony Notice" was handwritten in its place.  After the enhancement provision was read aloud, Appellant again entered a plea of true to the two prior felony convictions described in the indictment.

4

The jury was excused and defense counsel objected to the striking of "State jail" from the habitual offender notices in Cause Numbers 1527044D and 1527046D as surplusage because the alterations incorrectly characterized the prior offenses as state jail felonies when they were not. Defense counsel again objected to preserve any appellate complaints.

### APPLICABLE LAW

The sufficiency of a charging instrument is a question of law we review de novo. *State v. Zuniga*, 512 S.W.3d 902, 906 (Tex. Crim. App. 2017); *Smith v. State*, 309 S.W.3d 10, 13-14 (Tex. Crim. App. 2010). Article 28.10 of the Texas Code of Criminal Procedure governs the amendment of a charging instrument. TEX. CODE CRIM. PROC. ANN. art. 28.10 (West 2006).

The purpose of an enhancement provision is to provide the accused with notice of the convictions to be used to increase punishment. *Brooks v. State*, 957 S.W.2d 30, 33 (Tex. Crim. App. 1997). Enhancement allegations that are not part of the State's case-in-chief are not part of the "substance" of the indictment. *Thomas v. State*, 286 S.W.3d 109, 114 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd).

"Not every change to the face of an indictment is an amendment." *Mayfield v. State*, 117 S.W.3d 475, 476 (Tex. App.—Texarkana 2003, pet. ref'd). In some instances, the change is merely an abandonment. *Id.* An abandonment may delete surplusage that does not change the substance of the indictment. *Balentine v. State*, 474 S.W.3d 682, 684-85 (Tex. App.—Beaumont 2013, pet. ref'd). Article 28.10 is not implicated in an abandonment. *Id.* at 685.

5

Prior convictions used for enhancement purposes must be pled in some form; however, they need not be pled in the indictment. *Johnson v. State*, 214 S.W.3d 157, 158 (Tex. App.—Amarillo 2007, no pet.) (citing *Villescas v. State*, 189 S.W.3d 290, 292-93 (Tex. Crim. App. 2006)). "Since enhancement paragraphs need not be pled in the indictment, it logically follows that they are unessential to the validity of the indictment and comparable to surplusage for purposes of article 28.10." *Johnson*, 214 S.W.3d at 158. Accordingly, article 28.10 does not apply to enhancement paragraphs. *See Meyer v. State*, No. 02-15-00217-CR, 2016 Tex. App. LEXIS 13854, at *7 (Tex. App.—Fort Worth Dec. 30, 2016, pet. ref'd) (mem. op., not designated for publication). *See also Stautzenberger v. State*, 232 S.W.3d 323, 327 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (holding that an enhancement allegation is not part of the State's case-in-chief, that it constitutes mere surplusage, and that its abandonment does not invoke the requirements of article 28.10 of the Code of Criminal Procedure).

### ANALYSIS

In the underlying case, Appellant maintains that the alterations to the indictments increased the range of punishment for each offense and affected his substantial rights because he was unaware of the range of punishment until the court's charge on punishment was read. We disagree. Initially, we note that both Appellant and the State argue their respective positions as if the alterations made to the indictments were amendments. In fact, the alterations did not alter the substance of the indictments and the State was merely abandoning surplusage.

The original indictments provided Appellant with the required notice that the State intended to seek greater penalties for the charged offenses by using two prior felony

6

convictions. *See Hudson v. State*, 145 S.W.3d 323, 326 (Tex. App.—Fort Worth 2004, pet. ref'd). The act of striking through surplusage in the enhancement notice of each of the three indictments did not constitute an amendment to the form or substance of those indictments. Because enhancement provisions need not be pled in an indictment and article 28.10 does not apply to enhancement provisions, the trial court did not err in allowing the State to alter the indictments to delete surplusage. Appellant's sole issue is overruled.

### REFORMATION OF JUDGMENTS

In reviewing the records in each case, it has come to this court's attention that each of the trial court's judgments contains a clerical error. This court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b). *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment *nunc pro tunc* where the evidence necessary to correct the judgment appears in the record. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). The power to reform a judgment is "not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* at 529-30.

In Cause Number 1527047D, the summary portion of the judgment incorrectly reflects the "Degree of Offense" as a second degree felony; however, possession of less than one gram of cocaine is a state jail felony. TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2017). While the offense is punishable as a second degree felony once enhanced by two prior final felony convictions, it still remains a state jail felony for

7

purposes of the judgment. TEX. PENAL CODE ANN. § 12.425(b) (West 2019); *Oliva v. State,* 548 S.W.3d 518, 526-27 (Tex. Crim. App. 2018) (holding that an offense "punished as" a higher offense raises the *level of punishment*, not the *degree of the offense*). Furthermore, the judgment incorrectly reflects a plea of "N/A" and a finding of "N/A" as to the second enhancement, when the record reflects both a plea and a finding of "True." Thus, we modify the trial court's judgment in Cause Number 1527047D to reflect "State Jail Felony" under "Degree of Offense" and to reflect "True" under "Plea to 2nd Enhancement" and "Finding on 2nd Enhancement."

In Cause Numbers 1527044D and 1527046D, the judgments incorrectly reflect a plea of "N/A" and a finding of "N/A" as to the first enhancement, when the record reflects both a plea and a finding of "True." Thus, we modify the trial court's judgments in Cause Numbers 1527044D and 1527046D to reflect "True" under "Plea to 1st Enhancement" and "Finding on 1st Enhancement."

### CONCLUSION

The trial court's judgments in Cause Numbers 1527044D, 1527046D, and 1527047D are affirmed as reformed.

Patrick A. Pirtle
Justice

Do not publish.

8